IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNON MAY GARCIA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:17-CV-396-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by Petitioner, Shannon May Garcia, a federal prisoner who is confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

This habeas petition involves the Initiative on Executive Clemency (IEC) for federal prisoners. Petitioner is serving a term of 180 months' confinement for her conviction in the Western District of Missouri for conspiracy to distribute 500 grams or more of methamphetamine. Resp't's Resp. 2, doc. 8. Petitioner asserts that she filed a formal petition for clemency, which was apparently evaluated by the Department of Justice (DOJ). The "Executive Summary – Clemency Project 2014," attached as exhibit A to the petition, indicates that, although Petitioner has exhibited good conduct in prison, has a minimal criminal history, and has no history of violence, she was ineligible for clemency "because the sentence that she would likely receive today is not less than her current sentence." Pet., Ex. A, doc. 1. Petitioner contends that this Court has jurisdiction to review her claims and the DOJ's "review process" under the Administrative Procedures Act (APA), which

provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Id.* at 2; 5 U.S.C. § 702.

## II. ISSUES

Petitioner claims that former President Obama and the DOJ exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations in reviewing and granting clemency and/or sentence commutations. *Id.* at 1. Specifically, she lists the following alleged constitutional and statutory violations:

1. Ex Post Facto Clause violation where the DOJ changed the criteria for qualifying for clemency, making it more onerous to qualify under the IEC than 28 CFR §§ 1.0-1.11. The criteria for the IEC were not in effect when the Petitioner committed her offense.

2. Equal Protection Clause violation where many male prisoners with 15 year sentences, who had not served 10 years, were not first offenders, and had firearms, were granted clemency and/or sentence reductions--while no women like the Petitioner were granted the same relief, or exceptions to the IEC criteria.

3. Substantive Due Process violation where violent, career offenders were released after serving less than 10 years, but the Petitioner, a first offender with no history of violence and a good prison disciplinary record was denied release. The former Acting U.S. Attorney General . . . recommended the release of prisoners that were in segregation for acts of violence and selling drugs in prison.

4. APA violation, where the [DOJ] made substantive changes to the clemency regulations and procedures, but failed to comply with the "notice and comment" requirements of Sections 551 and 553, which makes all decisions granting or denying clemency void ab initio.

5. In accordance with the Accardi Doctrine, *Accardi v. Shaughnessy,* 347 U.S. 260 (1954), agency [sic] are required [to] comply with their own regulations. If exceptions are made, then the same must be applied to those similarly situated. As stated above, many male prisoners with 10-20 years did not meet

2

the criteria of the IEC, but were granted release.

*Id.* at 2-3.

Petitioner seeks release from custody; "a sentence reduction equal to the reductions given to other male prisoners with a 15 year sentence, but were not first time offenders like" her; and/or "a referral to U.S. Senator Charles Grassley, Chairman of the Judiciary Committee, to investigate and make findings on the maladministration of the [DOJ]'s release of firearm felons, gang members, and other violent prisoners, while denying release to non-violent prisoners." *Id.* at 1-2.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Generally, to be entitled to habeas relief under § 2241 a petitioner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 273 (1998); *Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Thus, although the DOJ is an "agency" within the meaning of the APA, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law," and "pardon and commutation decisions are rarely, if ever, appropriate subjects for judicial review." *Harbison v. Bell,* 556 U.S. 180, 187 (2009); *Woodard,* 523 U.S. at 273. Thus, although the president's clemency power may be "limited by other constitutional provisions," courts are cautioned "to avoid interference with the . . . clemency powers vested" in the president. *Schick v. Reed,* 419 U.S. 256, 266-67 (1974). Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate in this

case.

Even assuming Petitioner's claims were properly presented in this petition, she is not entitled to relief. Petitioner asserts that retroactive application of the IEC's criteria, which makes it more onerous for her to qualify for presidential clemency, violates ex post facto principles by applying regulations that were not in effect on the date of her offense. Pet. 2, ECF No. 1. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crime as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Petitioner claims that her right to equal protection was violated because many male prisoners who did not meet the DOJ's criteria were granted clemency and/or sentence reductions, while no female prisoners like her were granted the same relief or exception to the criteria. Pet. 3, ECF No. 1. This claim is conclusory. The equal protection clause requires essentially that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, Petitioner must show that an official actor intentionally discriminated against her because of her membership in a protected class or that she received treatment different from that received by similarly situated inmates and that unequal treatment was based on some constitutionally protected interest. *Gibson v. Tex. Dep't of Ins.,* 700 F.3d 227, 238 (5th Cir. 2012); *Piaster v. Landaus Cty.,* 354 F.3d 414, 424 (5th Cir. 2004). Petitioner wholly fails to establish that she is a member of a protected class; that she was treated differently than similarly situated inmates whose clemency petitions were granted based on intentional discrimination; or that she has a constitutionally protected right under the equal protection clause to clemency or an

unbiased decisionmaker in the clemency process.

Petitioner claims that her right to due process was violated because male prisoners and violent, career offenders who did not meet the DOJ's criteria were released in contravention of its own regulations. According to Petitioner, if exceptions are made then the same must be applied to those similarly situated under the "*Accardi* Doctrine." Pet. 3, ECF No. 1; *Accardi v. Shaughnessy,* 347 U.S. 260 (1954). However, because Petitioner has no right to clemency, there is no underlying liberty interest entitled to protection under the Due Process Clause. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations.) Thus, she is not entitled to due process in connection with the clemency determination or the procedures by which a petition for clemency is considered. *See Woodard,* 523 U.S. at *Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Finally, Petitioner's claim under the APA is equally meritless. She asserts that the new clemency regulations and procedures represent substantive rule changes which required the DOJ to comply with the notice and comment requirements of the APA under sections 551 and 553. Pet. 3, doc. 1. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the "force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* §

5

553(b); *Shalala v. Guernsey Mem'l Hosp.,* 514 U.S. 87, 99 (1995); *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). It seems clear that the IEC and the criteria set out therein were primarily intended for the internal guidance of the personnel of the DOJ. 28 C.F.R. 1.11. Nothing in the regulations says that they are designed to create new and enforceable rights in persons applying for executive clemency. The regulations that do affect clemency are found at 26 C.F.R. §§ 1.0-1.11 and are not binding on the president. 26 C.F.R. § 1.11. Accordingly, the DOJ was not required to comply with the APA's notice and comment requirements.

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 1st day of May, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**